THE STATE, Defendant in Error, v. FUGATE, Plaintiff in Error.

1. The law presumes the innocence, not the guilt, of an accused person; it is error to instruct a jury that in order to find a verdict of guilty it is not necessary that they should be satisfied of the defendant's guilt to the exclusion of a reasonable doubt, but that if they believe from the evidence that the defendant is guilty they should so find, although they may entertain a reasonable doubt.

*Error to Shelby Circuit Court.*

This was a prosecution for an assault upon one Margaret D. McGee. The court instructed the jury as follows: " 1. If the jury find from the evidence in the case that the defendant laid hands on Mrs. McGee and kissed her without her consent, they will find him guilty and assess a fine against him not exceeding one hundred dollars and not less than one dollar. 2. In order to find a verdict in this case, it is not necessary that the jury should be satisfied of defendant's guilt to the exclusion of a reasonable doubt; but if the jury believe from the evidence that the defendant is guilty of the charge against him, they should so find, although they may entertain a reasonable doubt."

The jury returned a verdict of guilty, and assessed the fine at one hundred dollars.

*Carr*, for plaintiff in error.

*Howell*, for defendant in error.

NAPTON, Judge, delivered the opinion of the court.

The first instruction given for the State in this case is correct, but the instructions which follow, if they are not misunderstood, conflict with established rules of evidence, and, indeed, with natural justice. The jury are told that it was not necessary for them to be satisfied of the guilt of the defendant beyond a reasonable doubt, in order to justify a ver-

dict against him; but if they believed from the evidence that the defendant was guilty, they would so find, although they might entertain a reasonable doubt.

What degree of faith the court might think to be consistent with reasonable doubts is not explained, and the propositions might need some metaphysical ingenuity to reconcile, but, if the instruction is capable of explanation at all, it must be understood to give the State the benefit of all doubts, and raise the presumption of guilt against the defendant until it was removed by satisfactory evidence to the contrary. This is not the law even in civil cases, but it is just the reverse. When a plaintiff charges that a defendant owes him a hundred dollars, he must prove it, and if he leaves it in doubt whether the debt be due or not, the defendant is to have the benefit of such doubt; and the law in cases of doubt leaves the parties where it finds them. If the debt is admitted and payment is pleaded, the payment must be shown, as the presumption will be that the debt continues until the contrary appears. So the law in criminal trials presumes a man's innocence until the contrary appears, and does not presume his guilt until he shows his innocence. These are truisms, but they seem to be overturned by the instructions reported to have been given in this case.

The other judges concurring, the judgment is reversed and the cause remanded.